**VAN TRAN ELECTRIC CORPORA-
TION, Petitioner,**

v.

**NATIONAL LABOR RELATIONS
BOARD, Respondent.**

No. 71–1054.

United States Court of Appeals,
Sixth Circuit.

Oct. 18, 1971.

———◆———

Ronald W. Polston, Indianapolis, Ind.,
for petitioner.

Stanley J. Brown, National Labor Relations Board, Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Abigail Cooley Baskir, Elaine F. Palumbo, Attys., N. L. R. B., Washington, D. C., on the brief), for respondent.

Before EDWARDS, CELEBREZZE, and McCREE, Circuit Judges.

PER CURIAM.

We consider a petition for review and a cross-application for enforcement of an order of the National Labor Relations Board requiring petitioner to bargain with the International Association of Machinists and Aerospace Workers, which was certified on July 24, 1970, as the collective bargaining representative of certain of petitioner's employees.

Petitioner refused to recognize the Union on the grounds that the representation election was invalid. It also contended that the subsequent certification of the Union was invalid because the Board's Regional Director refused to consider petitioner's objections to conduct affecting the election because they were tendered untimely. In the unfair labor practice proceeding, the Board refused to consider the validity of the election and found that the certification was proper, and that petitioner's refusal to bargain violated §§ 8(a) (5) and (1) of the Act, 29 U.S.C. §§ 158(a) (5), (1). The Board's decision and bargaining order were issued on December 31, 1970, and are reported at 187 N.L.R.B. No. 89.

The representation election was held March 20, 1970, pursuant to an "Agreement for Consent Election" executed by the Union and petitioner. That agreement provides in part:

> * * * the determination of the Regional Director shall be final and binding upon any question, including questions as to the eligibility of voters, raised by any party hereto relating in any manner to the election * * *

> * * * * * *

> * * * The method of investigation of objections and challenges, including the question whether a hearing should be held in connection therewith, shall be determined by the Regional Director, whose decision shall be final and binding * * *.

Because of misinformation from its counsel, petitioner did not file objections to conduct affecting the election within the specified time. Under § 102.69(a) of the Board's Rules and Regulations, 29 C.F.R. § 102.69(a), the deadline for filing objections was 5 days after the tally

of ballots was issued on the date of the election. On May 15, 1970, petitioner filed a motion to permit the filing of objections out of time. The Regional Director denied the motion because of petitioner's failure to comply with the Board's Rules and Regulations. On June 1, 1970, in response to petitioner's request for review of the Regional Director's decision, the Board informed petitioner that it would not entertain an appeal from the Regional Director's decision because the election had been conducted pursuant to the Agreement for Consent Election.

Petitioner contends that, under the doctrine of NLRB v. Brown Lumber Co., 336 F.2d 641 (6th Cir. 1964), the Regional Director's refusal to permit the late filing of objections invalidates the Union's certification. In that case, the employer filed timely objections to the claimed misconduct of a Board agent but failed to serve copies upon the Union as the Board rules required. The Regional Director refused to investigate or to consider the objection because the employer had not fully complied with the rules, and the election was upheld and certification followed. We refused to enforce the Board's order to bargain because the Union knew of the employer's oral protest at the time of the election, and the Board made no finding that the employees' interest in a full and fair hearing on the objections had been prejudiced by the failure to provide formal notice. Accordingly, the purpose of the rule was not served by the Board's refusal to consider objections under those circumstances.

In this case, on the other hand, the purpose of the five day limitation for filing objections is not to protect the interest of a party, but instead to promote the expeditious processing of matters before the Board. We hold that the Board's refusal to consider objections tendered for filing 56 days late because of the asserted error of employer's counsel was justified by the purposes to be served by the rule and was not arbitrary, capricious, or an abuse of discretion. 5 U.S.C. § 706. Accordingly, the petition for review is denied and the order will be enforced.